UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AARON G. HAUSER** | **:** | **CIVIL ACTION NO. 14-cv-2654** |
| **DOC #105642** | | **SECTION P** |
| **VERSUS** | **:** | **JUDGE PATRICIA MINALDI** |
| **N. BURL CAIN** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by petitioner Aaron G. Hauser (hereinafter "Hauser"). Hauser is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**I.**
**BACKGROUND**

In 1984, Hauser pleaded guilty to two counts of first degree murder and was sentenced to life imprisonment by the Thirty-Sixth Judicial District Court, Beauregard Parish. Doc. 1, att. 2, p. 12. He did not appeal his conviction which became final in 1984, after the delay for taking a direct appeal expired.

Petitioner filed an application for post-conviction relief in the trial court on April 1, 1999, which was denied April 6, 1999. *See Hauser v. Warden*, No. 2:00-cv-363, doc. 1, pp. 9-10 (W.D. La.). He then sought discretionary review in the Louisiana Third Circuit Court of Appeal and the

Louisiana Supreme Court, the latter denying review without comment on February 11, 2000. *State ex rel. Hauser v. State*, 754 So.2d 933 (La. 2000).

On February 24, 2000, Hauser filed a petition for writ of *habeas corpus* in this court attacking the 1984 murder conviction. His petition was dismissed with prejudice as untimely on May 8, 2000. *Hauser v. Warden* at doc. 5. The Fifth Circuit Court of Appeals denied Hauser's certificate of appealability on October 19, 2000. *Id.* at doc. 9.

On March 18, 2013, Hauser filed a motion to correct illegal and invalid sentence and order setting contradictory hearing with the Thirty-Sixth Judicial District Court. Doc. 1, att. 2, p. 1-11. Through that motion he urged that, because he was a minor at the time that he committed the underlying crimes, his April 26, 1984, sentence of life imprisonment without parole, was invalidated by the retroactive application of the 2012 ruling of the United States Supreme Court in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). *Id.* Specifically, *Miller* held that the "Eighth Amendment forbids a sentencing scheme which mandates life in prison without possibility of parole for juvenile offenders." *Id.* at 2469.

The Thirty-Sixth Judicial District Court denied the motion on March 22, 2013. Doc. 1, att. 2, p. 12. Thereafter, on August 5, 2013, Hauser's application for writs was denied by the Third Circuit Court of Appeal. Doc. 1, att. 2, p. 45; *State v. Hauser*, 13-750 (La. App. 3 Cir. 2013). Likewise, his application for writs in the Louisiana Supreme Court was denied on July 31, 2014. Doc. 1, att. 2, p. 63; *State ex rel. Aaron Hauser v. State of Louisiana*, 2013-2028 (La. 2014).

Hauser filed the instant petition on September 4, 2014, arguing that his previously filed motion to correct illegal and invalid sentence was erroneously denied based on *Miller v. Alabama, supra.* Doc. 1, att. 1.

## II.
### LAW AND ANALYSIS

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.*  The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999), citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.  A *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions. *In re: Flowers*, 595 F.3d 204 (5th Cir. 2009)

Hauser's first petition was dismissed as time-barred.  This petition is therefore successive and Hauser has not yet applied for or received permission from the Court of Appeals to file this successive petition in the District Court. *In re: Epps*, 127 F.3d 364 (5th Cir. 1997), outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. Further transfer is authorized by 28 U.S.C. § 1631 which provides in pertinent part, "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was

filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this court of jurisdiction to consider Hauser's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing and, therefore, transfer pursuant to 28 U.S.C. § 1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that Hauser's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

- 5 -

THUS DONE this 7th day of August, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE