UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AARON G. HAUSER** | : | **DOCKET NO. 14-cv-2654** |
| **D.O.C. # 105642** | | |
| **VERSUS** | : | **JUDGE MINALDI** |
| **N. BURL CAIN** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed by Aaron G. Hauser ("petitioner") [doc. 4]. The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at the Louisiana State Penitentiary at Angola, Louisiana. Burl Cain ("respondent"), former warden, has responded. Doc. 18.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **GRANTED**.

I.
BACKGROUND

*A. Conviction*

The petitioner was indicted on two counts of first degree murder in the Thirty-Sixth Judicial District, Beauregard Parish, Louisiana. Tr. Rec., p. 1. The charges related to the deaths of two individuals on or about July 4, 1983. *Id.* On April 26, 1984, the petitioner entered a plea of "guilty without capital punishment" to both counts. *Id.* at 163. He was then sentenced to a mandatory term

of life imprisonment without parole for each count, with the sentences to run concurrently. *Id.* at 258–60.

### B. *Post-conviction history*

After his conviction the petitioner filed an application for post-conviction relief in the trial court, which he exhausted through the Louisiana Supreme Court. *See* doc. 7, pp. 1–2 (outlining petitioner's earlier attempts at state review). He then filed a petition for a writ of habeas corpus with this court, which dismissed his petition with prejudice on May 8, 2000. *Id.* at 2.

The petitioner filed a motion to correct an illegal and invalid sentence with the trial court on March 18, 2013. Doc. 1, att. 2, pp. 1–11. There he urged that his sentence was rendered unconstitutional by the retroactive application of *Miller v. Alabama*, 132 S.Ct. 2455 (2012), which forbids mandatory terms of life imprisonment for juveniles. *Id.* The trial court denied his petition and the Louisiana Third Circuit Court of Appeal affirmed the ruling. *Id.* at 12, 45. The petitioner sought review in the Louisiana Supreme Court, which denied same on July 31, 2014. Doc. 1, att. 2, p. 62.

The instant petition was filed on September 4, 2014. Doc. 1. The petitioner again alleges that his sentence was rendered unconstitutional by *Miller* and that *Miller* is retroactive on collateral review.[1] Doc. 1, att. 1, pp. 7–14. Because this is the petitioner's second attempt at relief under § 2254, we ordered the petition transferred to the United States Court of Appeals for the Fifth Circuit to determine the petitioner's right to file a second or successive application under 28 U.S.C. § 2244(b) and 28 U.S.C. § 1631. Doc. 8. The Fifth Circuit determined that the petitioner had made a sufficient showing of possible merit to his claims to warrant authorization of a second or successive petition. Doc. 9. Accordingly, this court ordered service of the instant petition. Doc. 12.

---

[1] The petitioner briefs these issues as two separate claims, but we view them as a single argument for relief and treat them accordingly. *See* doc. 1, att. 1, pp. 7–14.

## II.
### LEGAL STANDARDS ON HABEAS REVIEW

*A. Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

*B. Procedural Default and Exhaustion of State Court Remedies*

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural

default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

### 1. *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### 2. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[2] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

### C. *General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456,

---

[2] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

471 (5th Cir. 1998). Section 2254(d) provides that a writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 123 S.Ct. 362, 365 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedents and arrives at a [contrary] result . . . ." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (internal quotations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner

has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 126 S.Ct. 969, 975 (2006).

### III.
### LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

*A. Timeliness*

In *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016) the Supreme Court recently declared that *Miller*, the basis of the petitioner's claim, is retroactive on collateral review.[3] Title 28 U.S.C. Section 2244(d)(1)(C) provides that the timeliness of a habeas petition may be calculated from

> the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

Thus it appears that the timeliness of the instant petition should be calculated based on *Miller*, where the Court initially recognized an Eighth Amendment violation, rather than the later declaration of its retroactivity in *Montgomery*.[4] The Supreme Court decided *Miller* on June 25, 2012. 132 S.Ct. 2455 (2012). Thus **266 days** would have accrued toward the one-year limit between *Miller* and the motion to correct an illegal sentence, filed with the trial court on March 18, 2013. The time limit remained tolled until the Louisiana Supreme Court's decision on July 31, 2014, allowing an additional **35 days** to accrue before the instant petition was filed on September

---

[3] *See Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).
[4] This remains an open question, however. *See Tyler v. Cain*, 121 S.Ct. 2478, 2490 (2001) (Breyer, J., dissenting). We note that the Eastern District of Louisiana recently calculated the timeliness of a § 2254 petition based on *Miller* and *Montgomery* from the date of the Court's decision in *Miller*. *Funchess v. Prince*, 2016 WL 756539, *3 (E.D. La. Feb. 25, 2016).

4, 2014. Accordingly, even without the intervening decision in *Montgomery*, the instant petition would have been timely with only **301 days** counted against the limitations period.

### B. *Exhaustion of State Court Remedies and Procedural Default*

The petitioner's sole claim for relief was raised in the appropriate state courts and decided there on the merits. Accordingly, neither lack of exhaustion nor procedural default bars this court's consideration of the petition.

### C. *Substantive Analysis*

The petitioner was born on October 13, 1965. Tr. Rec., p. 231. He was 17 years old when he committed the subject murders on or about July 4, 1983. As a result of his guilty plea to those crimes, he received two mandatory terms of life imprisonment without parole.

A mandatory term of life imprisonment violates the Eighth Amendment when applied to an offender who was under the age of 18 at the time of the offense and this rule is retroactively applicable on collateral review. *Miller*, 132 S.Ct. at 2463–64; *Montgomery*, 136 S.Ct. at 732–36. Accordingly, as the respondent agrees, the petitioner is entitled to relief.

The petitioner objects to having his case remanded to the state courts with no further instruction. He raises preemptive arguments to possible dispositions by the state court and asks that we order a sentence hearing "at which a term of reasonable years is an option within the court's discretion or in the alternative . . . the next responsive verdict." Doc. 20, p. 9. We will not determine the constitutionality of a state court action before it has been made, nor will we impose any additional limits on the state's options for complying with federal law in this matter. The case should instead be remanded to the trial court for resentencing in accord with the constitutional principles set out in *Miller v. Alabama* and *Montgomery v. Louisiana*. Should the petitioner find

violations of constitutional rights or federal law in the outcome of his resentencing, he will again have the opportunity to seek federal review under § 2254.[5]

## IV.
### CONCLUSION

For the reasons stated above, the undersigned concludes that the petitioner is entitled to federal habeas relief.

Accordingly, **IT IS RECOMMENDED** that the instant application be **GRANTED** and that the case be remanded to the trial court for resentencing.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir.  1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth

---

[5] *See Magwood v. Patterson*, 130 S.Ct. 2788, 2796–99 (2010) (petition filed under § 2254 raising claims based on petitioner's resentencing was not second or successive, even though petitioner had already sought review of his original conviction and sentence under § 2254).

arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    THUS DONE this 18 July 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE